82,475-03

NOVEMBER 11th, 2015

CLERK OF THE COURT

COURT OF CRIMINAL APPEALS OF TEXAS

P.O. BOX 12308

CAPITOL STATION

AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 16 2015

Abel Acosta, Clerk

RE: IN RE CHARLES A. MALOUFF, JR

THIRD COURT OF APPEALS CASE NO. 03-13-0723CR

DEAR CLERK,

PLEASE ACCEPT AND PRESENT TO THE COURT MY ORIGINAL PROCEEDING PETITION FOR WRIT OF MANDAMUS TO THE THIRD COURT OF APPEALS.

PLEASE NOTE MY CERTIFICATE OF SERVICE. MY ADVERSE CONDITIONS OF INCARCERATION PROHIBIT ME FROM MAKING A TRUE AND CORRECT COPY OF ANYTHING FOR SERVICE.

I RESPECTFULLY REQUEST YOUR ASSISTANCE IN SERVING THE RESPONDENT AND COUNSEL FOR MY CO-DEFENDANT AS THIS MANDAMUS ACTION WILL HAVE AN ADVERSE AFFECT ON HER CASE. IN ADDITION, AS I CANNOT SUPPLY AN EXTRA COPY, I RESPECTFULLY REQUEST A FILE STAMPED COPY FOR MY RECORDS.

THANK YOU FOR YOUR CONSIDERATION AND ASSISTANCE IN THIS MATTER.

RESPECTFULLY,

CHARLES A. MALOUFF, JR

TDCJ NO 1978590

PACK UNIT TC 2-91

2400 WALLACE PACK RD

NAVASOTA, TX 77868

NO. _____

TO THE

COURT OF CRIMINAL APPEALS

OF TEXAS

IN RE CHARLES A. MALOUFF, JR.

RELATOR

ORIGINAL PROCEEDING PETITION FOR WRIT OF MANDAMUS
TO THE THIRD COURT OF APPEALS, CHIEF JUSTICE OF THE
COURT JEFF ROSE, PRESIDING

CHARLES A. MALOUFF, JR., PRO SE

TDCJ NO. 1970590

PACK UNIT

2400 WALLACE PACK RD

NAVASOTA, TEXAS 77868

No. _____

IN RE CHARLES A. MALOUFF, JR.
RELATOR

IDENTITY OF PARTIES

RELATOR: CHARLES A. MALOUFF, JR.
TDCJ NO. 1978590
PACK UNIT
2400 WALLACE PACK RD
NAVASOTA, TEXAS 77868

RESPONDENT: THIRD COURT OF APPEALS
CHIEF JUSTICE OF THE COURT JEFF ROSE, PRESIDING
P.O. BOX 12547
AUSTIN, TEXAS 78711
CASE NO. 03-13-00723 CR

# TABLE OF CONTENTS

INDEX OF PARTIES ............................................ 2

INDEX OF AUTHORITIES ....................................... 4

STATEMENT OF THE CASE ...................................... 5

STATEMENT OF JURISDICTION .................................. 8

ISSUES PRESENTED FOR REVIEW ................................ 9

   I. COMPEL RESPONDENT TO TAKE ACTION ON ............... 9

      MOTIONS TO DISQUALIFY THE TRIAL JUDGE ........... 9

   II. COMPEL RESPONDENT TO TAKE ACTION ON ............. 9

      JUDICIAL NOTICE

STATEMENT OF FACTS ........................................ 10

STANDARD OF REVIEW ........................................ 11

ARGUMENT ................................................. 14

LENIENCY ................................................. 19

PRAYER ................................................... 20

RULE 52.3 (J) CERTIFICATION ............................... 21

INMATE DECLARATION

CERTIFICATE OF SERVICE .................................... 23

APPENDIX ................................................. 24

   TAB A    COPY OF RECEIPT FOR 11.07

      WRIT OF HABEAS CORPUS WR-82,475-01

# INDEX OF AUTHORITIES

BABCOCK v NORTHWEST MEMORIAL HOSPITAL, 767 SW 2d 705, 708 (TEX. 1989) .......... 13

BOURGEOIS v COLLIER, 959 SW 2d 241 (TEX. APP DALLAS 1997) .......... 12

CHANDLER v CHANDLER, 991 SW 2d 367 (TEX. APP. ELPASO 1999) .......... 16

CNA INS CO., v SCHEFFEY, 828 SW 2d 785, 792 (TEX APP TEXARKANA 1992) .......... 13

DOWNER v AQUAMARINE OPERATORS, INC., 701 SW 2d 238, 242 (TEX 1985) .......... 11

DOE v A CORP, 709 F. 2d 1043, REH DENIED, 717 F. 2d 1399 (CA5 TEX 1983) .......... 17

IN RE ALCATEL USA, INC., 11 SW 3d 173, 175 (TEX 2000) .......... 11

IN RE DAISY MFG. CO., 17 SW 3d 654, 658 (TEX 2000) .......... 11

IN RE GONZALEZ, 115 SW 3d 36 (TEX. APP. SAN ANTONIO 2003) .......... 12

IN RE MURCHISON, 349 US 133, 136 (1955) .......... 13

IN RE PACIFIC RESOURCES CO, 969 SW 2d 427 (TEX APP CORPUS CHRISTI 1997) .......... 12

MONROE v BLACKMON, 946 SW 2d 533 .......... 12

WALKER v PACKER, 827 SW 2d 833, 839-40 (TEX 1992) .......... 11

WARD v VILLAGE OF MONROEVILLE, 409 US 57, 62 (1972) .......... 13

TEXAS CONSTITUTION ART. 1 .......... 8, 13

TEXAS CONSTITUTION ART. 3 .......... 9

TEXAS CONSTITUTION ART 5 .......... 9, 12, 14

TEXAS CONSTITUTION ART. 15 .......... 9, 12

TEXAS GOVERNMENT CODE SEC. 22.221 .......... 9

TEXAS GOVERNMENT CODE SEC. 62.105 .......... 9

TEXAS PENAL CODE SEC 36.02 .......... 9, 12, 16

TEXAS R. CIV. PROC. R 18a, 18b .......... 9

TEXAS R. EVID. ART. II R. 201 .......... 9, 12, 18

4

TO THE HONORABLE JUSTICES OF THE CRIMINAL COURT OF APPEALS:

COMES NOW, RELATOR, CHARLES A. MALOUFF, JR., AKA CHARLIE MALOUFF, PRO SE, SEEKING IMMEDIATE RELIEF, AND IN THE INTEREST OF SUBSTANTIAL JUSTICE.

RELATOR HAS SUBMITTED TWO PRO SE MOTIONS TO DISQUALIFY THE TRIAL JUDGE, WITH SUPPORTING DOCUMENTATION, AND REQUESTED ASSISTANCE FROM THE REGIONAL PRESIDING JUDGE, WITH SUPPORTING DOCUMENTATION TO RELATOR'S ALLEGATION THERE IS A REASONABLE POSSIBILITY THE TRIAL JUDGE MAY HAVE BEEN BRIBED FOR HER DECISIONS IN THE CASE. CASE NO. 0313-0723 CR

RELATOR HAS ONLY BEEN MET WITH JUDICIAL SILENCE FURTHERING THE APPEARANCE OF IMPROPRIETY, AND A COMPLETE MISCARRIAGE OF JUSTICE. RELATOR, WHOSE BENEFIT THIS WRIT IS MADE, IS ILLEGALLY AND UNCONSTITUTIONALLY RESTRAINED IN HIS LIBERTY.

I

STATEMENT OF THE CASE

RELATOR WAS CHARGED WITH SECURING A DOCUMENT BY DECEPTION. RELATOR PLEAD NOT GUILTY TO THE CHARGES AND CONTINUES TO CLAIM ACTUAL INNOCENCE,

5

AND THAT HE IS A VICTIM OF RETALIATION AND SELECT-IVE AND VINDICTIVE PROSECUTION.

RELATOR WAS CONVICTED OF SECURING A DOCUMENT BY DECEPTION IN THE TRAVIS COUNTY 299th DISTRICT COURT, JUDGE KAREN SAGE PRESIDING. RIGHT AFTER CONVICTION, RELATOR'S TRIAL ATTORNEYS STATED SAGE RULED AGAINST RELATOR FOR "VOTES AND CONTRIBUTIONS" IN HER UPCOMING RE-ELECTION. SHORTLY THEREAFTER, RELATOR'S APPELLATE ATTORNEY SAID THE SAME THING.

RELATOR FILED A JUDICIAL MISCONDUCT COMPLAINT WITH THE COMMISSION ON JUDICIAL CONDUCT, CASE NO. CJC NO. 14-0826-DI, A 2254 HABEAS CORPUS ACTION IN FEDERAL COURT, DISMISSED WITHOUT PREJUDICE TO PURSUE STATE REMEDY, A 11.07 WRIT OF HABEAS CORPUS, COURT OF CRIMINAL APPEALS CASE NO. WR-82,475-01, AND A PRO SE SUPPLEMENTAL BRIEF, FILED IN THE THIRD COURT OF APPEALS ON MARCH 9th, 2015, ALL ADDRESSING JUDICIAL MISCONDUCT FOR PECUINARY INTEREST.

ON OCTOBER 1st, 2014, IN AN EVIDENTIARY HEARING IN FEDERAL COURT, STATE PROSECUTOR, HOLLY TAYLOR, ADMITTED TO FUNCTIONING AS AN INVESTIGATOR THREE MONTHS BEFORE THERE WAS ANY MEANINGFUL

6

PROBABLE CAUSE. TAYLOR WAS ALSO ENGAGED WITH THE CITY OF JONESTOWN'S MAYOR AND CITY COUNCIL IN THE MALICIOUS DESTRUCTION OF RELATOR'S EXONERATING EVIDENCE. TAYLOR THEN WENT ON TO PROSECUTE RELATOR AND CO-DEFENDANT, MARY JO WOODALL, MAKING HER INVESTIGATOR, PROSECUTOR, AND JUDGE, JURY, AND EXECUTIONER OF RELATOR'S EXONERATING AND SUBSTANTIVE RIGHTS. THE DESTRUCTION OF EXONERATING EVIDENCE IS CONTROVERSY IN THE JUDICIAL MISCONDUCT.

ON NOVEMBER 22ND, 2014, RELATOR FILED FORMAL CRIMINAL COMPLAINTS WITH THE DIRECTOR OF THE FBI, JAMES B. COMEY, AND MS. LESLIE CALDWELL, U.S. ATTORNEY, CIVIL RIGHTS, CRIMINAL SECTION DIRECTOR. THESE COMPLAINTS STATE THIS WAS A FEDERALLY FUNDED ENERGY PROJECT THAT WAS NOT ONLY INUNDATED WITH PROSECUTORIAL MISCONDUCT, BUT THE TRIAL JUDGE, ACCORDING TO THREE OFFICERS OF THE COURT, WAS BRIBED FOR DECISIONS MADE IN THIS CASE.

RELATOR RECEIVED CORRESPONDENCE, DATED JULY 29th, 2015, FROM THE FBI INFORMING HIM AN INVESTIGATION INTO HIS ALLEGATIONS HAS BEEN OPENED. THIS WILL INCLUDE AN INVESTIGATION OF THE REASONABLE POSSIBILITY THE TRIAL JUDGE WAS BRIBED.

7

ON JULY 30th, 2015, RELATOR, THROUGH THE PRISON MAIL SYSTEM, SUBMITTED A MOTION TO DISQUALIFY THE TRIAL JUDGE, WITH SUPPORTING DOCUMENTATION. TO DATE, NO ACTION HAS BEEN TAKEN.

ON OCTOBER 13th, 2015, RELATOR, THROUGH THE PRISON MAIL SYSTEM, SUBMITTED A MOTION TO CONSIDER THE MOTION TO DISQUALIFY THE TRIAL JUDGE, WITH ADDITIONAL SUPPORTING DOCUMENTATION. TO DATE, NO ACTION HAS BEEN TAKEN.

ON OCTOBER 27th, 2015, RELATOR, THROUGH THE PRISON MAIL SYSTEM, SENT A LETTER, WITH ADDITIONAL SUPPORTING DOCUMENTATION, TO THE REGIONAL PRESIDING JUDGE, BILLY RAY STUBBLEFIELD, REQUESTING HIS INTERVENTION AND DEMANDING THIS CASE BE VACATED. TO DATE, NO ACTION HAS BEEN TAKEN.

## II
## STATEMENT OF JURISDICTION

THIS COURT HAS JURISDICTION TO ISSUE A WRIT OF MANDAMUS TO ORDER THE RESPONDENT TO RULE, OR BASED ON THE STRENGTH OF THE MOTIONS AND SUPPORTING DOCUMENTATION AND DOCKET RECORDS, ISSUE A SUA SPONTE RULING. TEX. CONST. ART. 1 § 10,15; ART.

3; ART. 5 §5, 11; ART. 15 §6; TEX. GOVT. CODE. SEC. 22.221; 62.105; TEX. R. CIV. PROC. 18a, 18b(a)(2); TEX. P.C. 36.02; CODE OF JUDICIAL CONDUCT

## III.
## ISSUES PRESENTED FOR REVIEW

ISSUE 1. COMPEL RESPONDENT TO TAKE ACTION ON THE MOTIONS TO DISQUALIFY THE TRIAL JUDGE AND VACATE THE CASES OF RELATOR AND CO-DEFENDANT, MARY JO WOODALL, AS DECISIONS IN HER CASE ADVERSELY AFFECT THE INSTANT CASE, AND THE PROSECUTORIAL MISCONDUCT DIRECTLY AND ADVERSELY AFFECTS HER CASE, AND VOID ALL DECISIONS, RULINGS, OPINIONS AND INTEREST BY THE TRIAL JUDGE IN THESE CASES, AND REMAND BOTH CASES BACK TO BEFORE ANY JUDICIAL PROCEEDING, INCLUDING GRAND JURY REVIEW, OR IN THE INTEREST OF SUBSTANTIAL JUSTICE, ISSUE A SUA SPONTE RULING.

ISSUE 11. COMPEL RESPONDENT TO TAKE JUDICIAL NOTICE PURSUANT TO TEX. R. EVID. ART II, R. 201(d)(f) ON FACTS PRESENTED IN PRO SE MOTIONS, SUBMITTED ON JUNE 16th, JUNE 22nd, JUNE 26th, AND JULY 30th, 2015, OR IN THE INTEREST OF THE AVOIDANCE OF IMPROPRIETY, AND SUBSTANTIAL JUSTICE, ISSUE A SUA SPONTE RULING.

9

## IV

## STATEMENT OF THE FACTS

THIS ORIGINAL PROCEEDING SEEKS SUBSTANTIAL JUSTICE IN IMMEDIATE MANDAMUS RELIEF IN THE DISQUALIFICATION OF THE TRIAL JUDGE IN THE AVOIDANCE OF IMPROPRIETY RESULTING FROM A PECUINARY INTEREST GIVING WAY TO THE REASONABLE POSSIBILITY THE JUDGE WAS BRIBED IN VIOLATION OF TEXAS PENAL CODE SEC 36.02, AND TEXAS CODE OF JUDICIAL CONDUCT.

THE INSTANT CASE IS A COMPLICATED AND COMPLEX WHITE COLLAR CRIME CASE, INUNDATED WITH GOVERNMENT, POLICE, PROSECUTORIAL AND JUDICIAL MISCONDUCT. RELATOR HAS REPEATEDLY PLEAD NOT GUILTY OF THE CRIMES HE HAS BEEN CONVICTED OF, AND CONTINUES TO ASSERT HIS ACTUAL INNOCENCE AND THAT OF HIS CO-DEFENDANT, MARY JO WOODALL

COURT RECORDS SHOW THE CASE WAS INITIATED IN RETALIATION FOR THE REPORTING OF FELONY CRIMES. RECORDS ALSO SHOW, THROUGH DIRECT TESTIMONY, THE PROSECUTOR ENGAGED IN UNETHICAL AND FELONIOUS CRIMINAL CONDUCT, AND THE MAYOR OF JONESTOWN, DEANE ARMSTRONG, WHOSE NAME IS ALL OVER THE GRANT IN QUESTION, BUT WAS NOT CHARGED, IS CONTROVERSY.

12

SUBSTANTIAL SUPPORTING DOCUMENTATION HAS BEEN PRESENTED TO THE COURT.

MOTIONS WERE FILED WITH RESPONDENT SEEKING RELIEF, AND HAVE NOT, IN EXCESS OF 20 DAYS, BEEN RULED ON DIRECTLY AFFECTING RELATOR'S SUBSTANTIVE RIGHTS AND LIBERTY.

CONSTITUTIONAL PROVISIONS ARE ABSOLUTELY MANDATORY AND CAN IN NO CASE BE REGARDED AS DISCRETIONARY MERELY, TO BE OBEYED OR NOT, WITH THE DISCRETION OF EITHER OR ALL OF THE DEPARTMENTS OF GOVERNMENT, INCLUDING THE COURTS.

## V

## STANDARD OF REVIEW

MANDAMUS IS AN EXTRAORDINARY WRIT ISSUED WHEN A LOWER COURT HAS CLEARLY ABUSED ITS DISCRETION AND THERE IS NO OTHER ADEQUATE REMEDY. IN RE DAISY MFG. CO., 17 SW 3d 654, 658 (TEX 2000); IN RE ALCATEL USA, INC., 11 SW 3d 173, 175 (TEX. 2000); WALKER v PACKER, 827 SW 2d 833, 839-40 (TEX 1992). A COURT THAT ACTS ARBITRARILY AND UNREASONABLY, OR MISAPPLIES THE LAW TO THE ESTABLISHED FACTS OF THE CASE, ABUSES ITS DISCRETION. DOWNER v AQUAMARINE OPERATORS, INC, 701 SW 2d 238, 242 (TEX 1985).

11

Tex. Const. Art. 15 § 6, in part, states, " an accusation of misconduct in office is such a serious nature that the public should be protected against a chance of continuing misconduct, which might take place if the accusation proved to be true.

The Texas Penal Code Sec. 36.02, BRIBERY is defined, in part, as, " (a) A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits or accepts, or agrees to accept from another..."

"Constitutional disqualification of a judge cannot be waived, even by consent of the parties. Disqualification may be raised either before or after a judges action, and may be raised at any time, even on appeal, or on collateral attack on the judgement. IN RE GONZALEZ, 115 SW 3d 36 (TEX. APP. SAN ANTONIO, 2003); BOURGEOIS v COLLIER, 959 SW 2d 241 (TEX. APP. DALLAS, 1997); TEX. CONST. ART. 5 § 11.

Where doubt exists as to the judge's pecuinary interest in the matter, doubt is resolved in favor of disqualification. MONROE v BLACKMON, 946 SW 2d 533; IN RE PACIFIC RESOURCES Co., 969 SW 2d 427 (TEX APP. CORPUS CHRISTI, 1997). TEX. Rules of evidence, ART. II, R. 201(f) states, " Judicial notice may be taken at any stage of the proceeding."

12.

"THE IMPARTIALITY OF THE JUDGE IS NOT ONLY A MATTER OF CONSTITUTIONAL LAW, BUT OF PUBLIC POLICY AS WELL. PUBLIC POLICY DEMANDS THAT A JUDGE WHO TRIES A CASE ACT WITH ABSOLUTE IMPARTIALITY. IT FURTHER DEMANDS THAT A JUDGE APPEAR TO BE IMPARTIAL SO THAT NO DOUBTS OR SUSPICIONS EXIST AS TO THE FAIRNESS OR THE INTEGRITY OF THE COURT. JUDICIAL DECISIONS RENDERED UNDER CIRCUMSTANCES THAT SUGGEST BIAS, PREJUDCE, OR FAVORTISM UNDERMINE THE INTEGRITY OF THE COURTS, BREED SKEPTICISM AND MISTRUST, AND THWART THE PRINCIPLES ON WHICH THE JUDICIAL SYSTEM IS BASED." CNA INS. CO., V SCHEFFEY, 828 SW2d 785, 792 (TEX APP - TEXARKANA, 1992, WRIT DENIED).

THE RIGHT TO A FAIR TRIAL UNDER BOTH THE UNITED STATES AND THE TEXAS CONSTITUTIONS IS A BASIC REQUIREMENT OF DUE PROCESS. SEE IN RE MURCHISON, 349 US 133, 136, 99 L. Ed. 942, 75 S. CT. 623, 625 (1955). "IN TEXAS, THE RIGHT TO A FAIR AND IMPARTIAL TRIAL IS GUARANTEED BY THE CONSTITUTION." BABCOCK V NORTHWEST MEMORIAL HOSPITAL, 767 SW 2d 705, 708 (TEX. 1989); TEX. CONST. ART. 1 § 15. THE RIGHT TO A FAIR AND IMPARTIAL TRIAL IS ALSO SECURED BY STATUTE. TEX. GOVT. CODE 62.105. "ONE OF THE MOST FUNDAMENTAL COMPONENTS OF A FAIR TRIAL IS A NEUTRAL AND DETATCHED JUDGE." WARD V VILLAGE OF MONROEVILLE, 409 US 57, 62, 34 L. Ed. 2d 267, 93 S. CT. 80 (1972).

ACCORDING TO TEX. CONST. ART. 5 § 5(c), SUBJECT TO SUCH REGULATIONS AS MAY BE PRESCRIBED BY LAW, THE COURT OF CRIMINAL APPEALS AND THE JUDGES THEREOF, SHALL HAVE THE POWER TO ISSUE WRITS OF MANDAMUS. THE COURT AND THE JUDGES THEREOF SHALL HAVE THE POWER TO ISSUE SUCH OTHER WRITS AS MAY BE NECESSARY TO PROTECT ITS JURISDICTION OR ENFORCEMENT OF ITS JUDGEMENTS. THE COURT SHALL HAVE THE POWER UPON AFFIDAVIT OR OTHERWISE TO ASCERTAIN SUCH MATTERS OF FACT AS MAY BE NECESSARY TO THE EXERCISE OF ITS JURISDICTION.

## VI
## ARGUEMENT

ISSUE 1. THE TRAVIS COUNTY 299th DISTRICT COURT JUDGE, KAREN SAGE REVIEWED DOCUMENTS, HEARD TESTIMONY AND ARGUMENTS, AND MADE RULINGS IN AND OUT OF THE PRESENCE OF THE JURY IN THE INSTANT CASE AND THE CASE OF MARY JO WOODALL.

THE JONESTOWN WIND PROJECT WAS A FEDERALLY FUNDED ENERGY PROJECT UNDER OBAMA'S STIMULUS ACT, DESIGNED TO CREATE JOBS AND STIMULATE THE ECONOMY. THE PROJECT WAS UNDER CONSTANT OVERSIGHT BY THE U.S. DEPT. OF ENERGY. THE PROJECT, A FEDERALLY FUNDED GRANT, WAS AWARDED TO THE CITY OF JONESTOWN.

14

THE INSTANT CASE WAS INITIATED BY TRAVIS COUNTY SHERIFF DEPUTY TOBY MILLER IN RETALIATION FOR RELATOR'S CATCHING HIM FALSIFYING GRANT AND COUNTY TIME SHEETS AND SUSPECT IN MULTIPLE FELONIES AND REPORTING HIM TO THE JONESTOWN POLICE, THE PROPER INVESTIGATIVE AGENCY.

THE MAYOR OF JONESTOWN, DEANE ARMSTRONG, IS AN ELECTED OFFICIAL WHO BOASTED OF HER TRAVIS COUNTY DEMOCRATIC POLITICAL CONNECTIONS. ARMSTRONG WAS ACTIVELY ENGAGED IN OVERSIGHT OF THE PROJECT, ON A DAY TO DAY BASIS, ON BEHALF OF THE CITY, AND WHOSE NAME IS ALL OVER THE GRANT. ARMSTRONG WAS ACTIVELY ENGAGED IN THE MALICIOUS DESTRUCTION OF EXONERATING EVIDENCE. ARMSTRONG WAS NOT CHARGED OR INDICTED IN THE CASE. ARMSTRONG IS CONTROVERSY.

SUBSTANTIAL SUPPORTING INFORMATION AND DOCUMENTATION AND PHOTOGRAPHIC EVIDENCE IS FILED WITH THE COURT IN RELATOR'S, PRO SE, SUPPLEMENTAL BRIEF, FILED MARCH 9th, 2015, AND THE MOTIONS TO DISQUALIFY THIS TRIAL JUDGE, AND PRO SE MOTIONS ▬▬▬ SUBMITTED JUNE 16th, JUNE 22ND, AND JUNE 26th, 2015, AND JULY 30th AND OCTOBER 13th,

ON NOVEMBER 22ND, 2014, RELATOR FILED FORMAL CRIMINAL COMPLAINTS WITH THE FBI AND U.S. ATTORNEY. KAREN SAGE, DEANE ARMSTRONG, AND THE TRAVIS COUNTY DISTRICT ATTORNEY, ROSEMARY LEHMBERG, AND

15

OTHERS ACTIVELY ENGAGED IN THE PROSECUTION OF THIS CASE ARE NAMED IN THESE COMPLAINTS. ON JULY 29th, 2015, THE FBI INFORMED RELATOR, THROUGH WRITTEN CORRESPONDENCE, THEY INITIATED AN INVESTIGATION INTO RELATOR'S ALLEGATIONS. THIS INVESTIGATION WILL INCLUDE INVESTIGATING THE REASONABLE POSSIBILITY SAGE WAS BRIBED. COPIES OF THESE AND OTHER LETTERS WERE RECEIVED BY RELATOR AFTER THE MOTIONS TO DISQUALIFY THE TRIAL JUDGE WERE SUBMITTED. THEY WERE IMMEDIATELY SUBMITTED TO THE REGIONAL PRESIDING JUDGE, BILLY RAY STUBBLEFIELD AT THE WILLIAMSON COUNTY COURTHOUSE ON OCTOBER 27th, 2015, AND SHOULD BE IN COURT RECORDS. COPIES OF THIS INFORMATION WAS SUBMITTED TO MS. SEANA WILLING, EXECUTIVE DIRECTOR, STATE COMMISSION ON JUDICIAL CONDUCT FOR CASE NO. CJC NO. 14-0826-DI.

WHILE A JUDGE'S ABILITY TO BE FAIR IS AN APPROPRIATE ISSUE IN A RECUSAL ACTION, UNDER THE TEX. R. CIV. PROC. "FAIRNESS" IS NOT A CONSIDERATION IN CONSTITUTIONAL DISQUALIFICATION. CHANDLER V CHANDLER, 991 SW 2d 367 (TEX. APP. EL PASO, 1999, PET. DENIED). ONLY THROUGH A DETAILED AND INTENSE CRIMINAL INVESTIGATION BY INDEPENDENT LAW ENFORCEMENT, AND THE RESULTS OF THAT INVESTIGATION, AND THE CORRECT ELEMENTS OF BRIBERY, AS DEFINED IN TEX. P.C. 36.02 BEING PRESENTED TO AN INDEPENDENT AND IMPARTIAL JURY, CAN FINAL DETER-

16

MINATION ON THIS ALLEGATION BE MADE.

ISSUE 11. A JUDICIALLY NOTICED FACT IS A FACT THAT IS NOT ESTABLISHED BY ADMISSIBLE EVIDENCE, BUT MAY BE ACCEPTED BY THE COURT BECAUSE THE FACT IS GENERALLY KNOWN WITHIN THE TRIAL COURT'S TERRITORIAL JURISDICTION, OR BECAUSE ITS VALIDITY CAN BE DETERMINED FROM SOURCES WHOSE ACCURACY CANNOT BE REASONABLY QUESTIONED. IT MUST NOT BE ONE SUBJECT TO DISPUTE.

THE APPLICABILITY OF CANON AND CONSTITUTIONAL PROTECTIONS REQUIRES AVOIDANCE OF EVEN THE APPEARANCE OF PROFESSIONAL IMPROPRIETY AND TURNS ON WHETHER THERE IS A "REASONABLE POSSIBILITY OF OCCURANCE OF SOME SPECIFICALLY IDENTIFIABLE IMPROPER CONDUCT." ABA CODE OF PROF. CONDUCT, CANON 9; DOE v A CORP, 709 F. 2d 1043, REH. DENIED, 717 F. 2d 1399 (CA5 TEX. 1983).

A COURT SHALL TAKE JUDICIAL NOTICE IF REQUESTED BY A PARTY AND SUPPLIED WITH THE NECESSARY INFORMATION. RELATOR SUBMITTED PRO SE MOTIONS, WITH SUPPORTING INFORMATION REQUESTING THE COURT TAKE JUDICIAL NOTICE ON FACTS IDENTIFYING PROSECUTORIAL MISCONDUCT AND JUDICIAL MISCONDUCT ON JUNE 16th, JUNE 22nd, JUNE 26th, AND JULY 30th, 2015. NONE OF THESE MOTIONS HAVE BEEN DECIDED ON AS OF

THIS SUBMISSION. THE JUDICIALLY NOTICED FACTS ARE RELATIVE TO RELATOR'S SUBSTANTIVE RIGHTS IN SEEKING SUBSTANTIVE JUSTICE. IN ACCORDANCE WITH TEX. R. OF EVIDENCE ART. II, R. 201(d) THESE NOTICES ARE MANDATORY AND THE ADMISSION OF THESE FACTS INTO THE CASE ADVERSELY AFFECTS SUBSTANTIAL JUSTICE.

## VII

RESPONDENT'S CLERK, JEFFREY D. KYLE, IN HIS OFFICIAL CAPACITY AS CLERK OF THE COURT HAS A MINISTERIAL DUTY TO RECEIVE AND IMMEDIATELY TRANSMIT TO THE COURT OF CRIMINAL APPEALS OF TEXAS A COPY OF THE RELATOR'S, PRO SE, SUPPLEMENTAL BRIEF, FILED ON MARCH 9th, 2015, AND PRO SE MOTIONS SUBMITTED TO THE COURT, VIA PRISON MAIL, ON JUNE 16th, JUNE 22nd, JUNE 26th, JULY 30th, OCTOBER 13th, OCTOBER 15th, 2015, AND, SHOULD IT BE IN HIS POSSESSION, THE LETTER TO THE REGIONAL PRESIDING JUDGE, SENT, VIA PRISON MAIL, ON OCTOBER 27th, 2015, AND ANY ANSWERS FILED AND A CERTIFICATE RECITING THE DATE UPON WHICH THAT FINDING WAS MADE, IF THE THIRD COURT OF APPEALS DECIDES THAT THERE ARE NO ISSUES TO BE RESOLVED.

THE RESPONDENT IS ACTING IN BAD FAITH AND AND HAS ALSO FAILED, TO AFFORD RELATOR THE PROFESSIONAL

AND COMMON COURTESY OF ANY WRITTEN RESPONSES AND FILE STAMPED COPIES OF THE FILINGS.

## VIII

MANDAMUS IS THE PROPER TOOL WHEN A LOWER COURT ABUSES ITS DISCRETION AND THERE IS NO OTHER REMEDY AT LAW. THE CODE OF JUDICIAL CONDUCT AND TEXAS CONSTITUTION STATE WHEN PRESENTED WITH INFORMATION THAT A JUDGE HAS COMMITTED AN ACT THAT MAY HINT OF EVEN THE SLIGHTEST APPEARANCE OF IMPROPRIETY, THE JUDGE MUST ACT AND INFORM THE PRESIDING JUDGE AND COMMISSION ON JUDICIAL CONDUCT. THROUGH JUDICIAL SILENCE RESPONDENT IS DEMONSTRATING HIS DISINTEREST IN RELATOR'S SUBSTANTIVE RIGHTS AND AIDING IN THE COVER-UP OF SUSPECTED CRIMINAL CONDUCT OF A FELLOW JURIST AND THE FURTHERANCE OF A COMPLETE MISCARRIAGE OF JUSTICE. RELATOR HAS MET HIS BURDEN TO SHOW RELIEF IS PROPER.

## IX
## LENIENCY

RELATOR, A PRISONER, PRO SE, RESPECTFULLY REQUESTS LIBERAL CONSTRUCTION SO AS TO MAKE THE STRONGEST ARGUMENT POSSIBLE AS HIS LIBERTY AND

19

SUBSTANTIVE RIGHTS ARE AT STAKE. RELATOR REQUESTS LENIENCY AS TO FORM, STYLE, SPELLING, CORRECTIONS, AND OTHER CONSIDERATIONS. RELATOR IS INCARCERATED UNDER ADVERSE CONDITIONS AND HAS EXTREMELY LIMITED ACCESS TO OUTDATED LAW LIBRARY RESOURCES, AND NO PROFESSIONAL TOOLS OR ASSISTANCE.

## X

## PRAYER

WHEREFORE, THE REASONS CITED HEREIN, RELATOR, CHARLES A. MALOUFF, JR., SEEKING SUBSTANTIAL JUSTICE PRAYS THIS COURT GRANT THIS WRIT OF MANDAMUS, AND DIRECT RESPONDENT TO IMMEDIATELY GRANT RELATOR'S MOTIONS TO DISQUALIFY THE TRIAL JUDGE AND JUDICIAL NOTICE AND VACATE THIS CASE AND THAT OF MARY JO WOODALL, AS SAGE'S RULINGS AND DECISIONS IN HER CASE DIRECTLY AND ADVERSELY AFFECT THE INSTANT CASE, AND REMAND BACK TO BEFORE THE FIRST STAGES OF JUDICIAL PROCEEDINGS, INCLUDING TO PRIOR TO GRAND JURY PRESENTATION, AS RELATOR UNDERSTANDS THE GRAND JURY WAS SELECTED BY SAGE, AND RELATOR DEMANDS TO EXERCISE HIS RIGHT TO APPEAR BEFORE THE GRAND JURY, OR BASED ON THE STRENGTH OF THE MOTIONS, SUPPORTING DOCUMENTATION AND COURT RECORDS, AND IN THE INTEREST OF JUDICIAL INTEGRITY AND SUBSTANTIAL JUSTICE,

THIS COURT GRANT SUA SPONTE, RELATOR'S REQUESTS.

RESPECTFULLY SUBMITTED,

CHARLES A. MALOUFF, JR., PRO SE
TDCJ NO 1978590
PACK UNIT
2400 WALLACE PACK RD
NAVASOTA, TEXAS

EXECUTED ON THIS 11th DAY OF NOVEMBER, 2015.

## RULE 52.3(J) CERTIFICATION

I HAVE REVIEWED THE WRIT AND CONCLUDED THAT EVERY FACTUAL STATEMENT IN THE WRIT IS SUPPORTED BY COMPETENT EVIDENCE INCLUDED IN THE APPENDIX OR RECORD.

SIGNED ON THIS 11th DAY OF NOVEMBER, 2015.

CHARLES A. MALOUFF, JR

21

# INMATE DECLARATION

I, CHARLES A. MALOUFF, JR, AKA CHARLIE MALOUFF, TDCJ NO. #1705590, RELATOR, PRO SE, BEING PRESENTLY INCARCERATED IN THE TDCJ PACK UNIT, 2400 WALLACE PACK RD, NAVASOTA, TEXAS, DECLARE UNDER PENALTY OF PERJURY, THAT TO MY KNOWLEDGE AND BELIEF, THE AFOREMENTIONED FACTS AND INFORMATION IS TRUE AND CORRECT.

SIGNED ON THIS 11th DAY OF NOVEMBER, 2015.

CHARLES A. MALOUFF, JR

#1705590

PACK UNIT

2400 WALLACE PACK RD

NAVASOTA, TX 77868

22

# CERTIFICATE OF SERVICE

I, CHARLES A. MALOUFF, JR, AKA CHARLIE MALOUFF, TDCJ NO. 1978590, RELATOR, PRO SE, BEING PRESENTLY IN-CARCERATED IN THE PACK UNIT, 2400 WALLACE PACK RD, NAVASOTA, TEXAS, DECLARE UNDER THE PENALTY OF PERJURY, THAT AS A RESULT OF MY INCARCERATION UNDER ADVERSE CONDITIONS, I AM UNABLE TO SERVE A TRUE AND CORRECT COPY TO RESPONDENT, THIRD COURT OF APPEALS, CHIEF JUSTICE OF THE COURT JEFF ROSE, PRESIDING, P.O. BOX 12547, AUSTIN, TEXAS 78711, OR COUNSEL FOR CO-DEFENDANT, MR. JOE TURNER, 1504 WEST AVE., AUSTIN, TEXAS 28701, AND RESPECTFULLY REQUESTS THE COURTS ASSISTANCE IN SERVING THESE PARTIES.

SIGNED ON THIS 11th DAY OF NOVEMBER, 2015.

CHARLES A. MALOUFF, JR, PRO SE

1978590

PACK UNIT

2400 WALLACE PACK RD

NAVASOTA, TEXAS 77868

23

APPENDIX

NO. _____

CHARLES A. MALOUFF, JR.,
RELATOR

APPENDIX TO THE PETITION FOR WRIT
OF MANDAMUS

COPY OF RECEIPT FOR 11.07
WRIT OF HABEAS CORPUS WR-82475-01    TAB A

24

APPENDIX

TAB A

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

$ 00.26⁵

**11/24/2014**
**MALOUFF, CHARLES A Jr.   Tr. Ct. No. D-1-DC-13-904021-A   WR-82,475-01**
On this day, the application for 11.07 Writ of Habeas Corpus has been received
and presented to the Court.

Abel Acosta, Clerk

CHARLES A MALOUFF JR.
F.C.I. BASTROP
1341 STATE HIGHWAY 95
BASTROP, TX  78602

EBN3B  78602

A-1